IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT BRAITHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No: 20-cv-2134-EFM-TJJ |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff commenced this action *pro se* on March 20, 2020 by filing a Complaint (ECF No. 1) alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and discrimination on the basis of disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and naming the United States Department of Justice as the defendant.[1] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[2] Although 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel," Plaintiff is not proceeding *in forma pauperis*, so this provision does not apply. However, the district court also has discretion to appoint counsel for a plaintiff who asserts claims under Title VII "in such

---

[1] Plaintiff also alleges violations of "The Rehabilitation Act, The Genetic Information Act § 2000ff Genetic Information Fed Assisted Programs § 2000d - 2000d-7; Public Service§ 12131" (ECF No. 1 at 2).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

circumstances as the court may deem just."[3] The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[6] The discretion granted to the court in appointing counsel is extremely broad.[7]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[8] Indiscriminate appointment of volunteer counsel to undeserving claims wastes resources and may discourage attorneys from providing pro bono services.[9]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Based on the Court's review of the motion, along with the complaint filed in the case, the Court finds that Plaintiff has shown diligence in attempting to secure counsel, but the other factors weigh against appointing counsel at this time. First, it is unclear whether Plaintiff has shown financial inability to pay for counsel. Plaintiff paid the $400 filing fee to file his Complaint. And, although Plaintiff indicated he has already completed an affidavit of financial

---

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 1420-21.

[5] *Id.*

[6] *Id.* at 1421.

[7] *Id.* at 1420.

[8] *Id.*

[9] *Id.*

status,[10] he failed to attach such affidavit to either his motion or the Complaint. Thus, the Court has no information regarding Plaintiff's financial situation.

The Complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, and it appears Plaintiff's claims are likely without merit. Finally, the Court finds Plaintiff appears able to adequately communicate to the Court the pertinent facts giving rise to his claims. Plaintiff appears to have used the employment discrimination forms provided by this Court to assist him in preparing his Complaint, and he has supplemented those with additional documents and in fact an entire separate Complaint.[11] Plaintiff therefore appears able to adequately present his case without the assistance of counsel.

The Court declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1). If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied.

**IT IS SO ORDERED.**

Dated May 28, 2020, at Kansas City, Kansas.

*Teresa J. James* (signature)

Teresa J. James
U. S. Magistrate Judge

---

[10] ECF No. 3 at 3.

[11] *See* ECF No. 1 at 6.